## L. J. Castle v. The State.

### No. 7454.   Decided December 20, 1922.

**Fraudulent Disposition of Mortgaged Property—Circumstantial Evidence.**

Where upon trial of the disposal of mortgaged property the court admitted testimony to prove that defendant was living in adultery, etc., which were facts entirely independent of the offense of which the defendant was being tried, and defendant did not put into issue his general reputation, the same was reversible error.   Following Johnson v. State, 17 Texas Crim. Rep., 573.

Appeal from the District Court of Red River.   Tried below before the Honorable Austin S. Dodd.

Appeal from a conviction of the fraudulent disposition of mortgaged property; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*T. T. Thompson,* for appellant.—On question of immateriality of testimony:   Neill v. State, 49 Texas Crim. Rep., 223, and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for the fraudulent disposition of mortgaged property; punishment fixed at confinement in the penitentiary for a period of two years.   (See P. C., Art. 1430.)

Appellant had mortgaged to Mitchell & Company an automobile and some household effects.   Before the mortgage was satisfied, appellant, in company with his family, went in the automobile to a point in the State of Oklahoma.   He was arrested in Oklahoma.   A member of the firm of Mitchell & Company saw him there and by agreement took the automobile in satisfaction of the unpaid balance upon the debt.   If we properly understand the record, this took place before the filing of the indictment.

Appellant testified that being out of work and unable to find work in Red River County, where he lived, he went to Oklahoma in search of employment with no intent to remain there permanently or to defeat the debt which the mortgage secured.

The State, over the objection of the appellant, introduced circum·stantial evidence to prove that he was living in adultery; that he had abandoned his wife in Michigan and came to Texas with another woman and that he was living with her as his wife.   These facts apparently were entirely independent of the offense for which the appellant was upon trial.   They tended to establish a collateral offense,

and under circumstances which we are unable to perceive as coming within any of the exceptions to the general rule excluding evidence of other offenses. Appellant had not put his general reputation as a law-abiding citizen in issue, and specific acts, though criminal in their nature, were not admissible for the purpose of impeachment. Johnson v. State, 17 Texas Crim. App:, 573; Thompson v. State, 38 Texas Crim. Rep., 340; Branch's Ann. Tex. Penal Code, Sec. 166 and 168; See also Holsey v. State, 24 Texas Crim. App., 42.

The illegal evidence was calculated to prejudice the appellant's case, and in view of the record before us, it is deemed of such a character as to require a reversal of the judgment. It is so ordered.

*Reversed and remanded.*