## JOHN ALLEN V. THE STATE.

No. 9067.  Delivered December 9, 1925.

### 1.—Murder—Evidence—Of Extraneous Matters—Improperly Admitted.

Where, on a trial for murder, appellant's defensive theory being that the homicide was caused by illicit relations between deceased and the wife of appellant, it was error to admit evidence that the appellant and his wife had quarreled about appellant's relations with another woman, and also that appellant had permitted lewd women to stay at his rooming house. This testimony was not shown to have any connection with the homicide, and was proof of extraneous matter which merely tended to bring him into disrepute before his triers. Following Bryant v. State, 271 S. W. 612; Bullington v. State, 180 S. W. 679; McIntosh v. State, 213 S. W. 659.

### 2.—Same—Evidence—Of Deceased's Family—Improperly Admitted.

Where, on a trial for murder, it was improper to permit the state to prove that deceased left surviving him a wife and five small children. No pertinence whatever is shown as to this testimony, and it was simply intended to excite the sympathy and prejudice of the jury. Following Faulkner v. State, 65 S. W. 1097.

Appeal from the District Court of Titus County. Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for murder, penalty fifteen years in the penitentiary.

The opinion states the case.

*Simpson, Lasseter & Simpson,* of Tyler, *Jno. A. Cook,* of Mt. Pleasant, and *J. H. Beavers,* of Winnsboro, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is murder and the punishment is fifteen years in the penitentiary.

The State's case showed an unprovoked homicide while the defendant claimed that the killing grew out of illicit familiarity between the deceased and his wife and that the killing was actually done in self-defense. These questions were very sharply presented by the evidence and without doing violence to the facts the jury might have adopted either theory presented.

With the record in this condition, the State was permitted to prove over the objection of the defendant by a witness who had roomed at defendant's house when he and his wife were living together that some two or three weeks before the homicide, he saw the defendant and a blonde haired woman who was rooming at the house come in the house, the woman at the front door and the defendant at the back door and that defendant's wife met the woman at the front door and said to her "You all went off together why didn't you come back together?" The same witness was also permitted to testify that appellant and his wife had some words and controversy at the time about his association with this woman.

The State was also permitted to prove over the appellant's objection that the appellant permitted lewd women to stay at his rooming house, when as appellant contends there was no evidence that showed that there was any controversy, unpleasantness or estrangement that ever existed between the deceased and the defendant on the account of any woman rooming at his rooming house, and the further objection was made that it was an attempt on the part of the State to prove a separate, independent and extraneous crime than that with which the defendant was charged.

We think the objections to both lines of testimony should have been sustained. It was certainly not permissible to show that the appellant had had a difficulty with his wife concerning another woman unless these matters in some way could

have entered into the killing of the deceased and we think it is clear from this record that they did not and could not have done so. Lovett v. State, 223 S. W. 211. As was stated in that case, "appellant may have been derelict in his duty to his wife and may have been intimate with other women but that could not affect or be used to affect this case against him." In the Lovett case, supra, the court sustained an objection to this character of testimony, but this court speaking through Judge Davidson held that nevertheless the very asking of the question was error.

In the instant case, the testimony was admitted over the appellant's objection. As to that part of the testimony objected to with reference to appellant allowing lewd women to room at his rooming house, we think it clear that it has no connection directly or indirectly with the instant case and its admission could serve and did serve no purpose except to prejudice the jury against him. It was an extraneous matter that merely tended to bring him in disrepute before his triers. Bryant v. State, 271 S. W. 612; Bullington v. State, 180 S. W. 679; McIntosh v. State, 213 S. W. 659.

By bill of exception No. 9, complaint is made at the action of the court in permitting the State to prove by the wife of the deceased that he left surviving him five children, two boys and three girls, the ages of whom ranged from six to sixteen years. The objection to this testimony was that it was irrelevant and immaterial and calculated to arouse the sympathy of the jury for the surviving wife and children of the deceased and to prejudice them against the defendant. It is not necessary in this case to decide as to whether this matter constituted reversible error. It is sufficient to say that the question of the admissibility of this character of evidence has been decided by this court in the case of Faulkner v. State, 65 S. W. 1097. In discussing this character of testimony in that case Judge Henderson said "no pertinency whatever is shown as to this matter and it was simply intended to excite the sympathy and prejudice of the jury." In view of another trial we hold that this testimony should be excluded.

There are many other complaints contained in the record, but as they may not occur in the same form on another trial of the case, a discussion of them is pretermitted.

The judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.