## ALBERTO DAVILA V. THE STATE.

### No. 10991.   Delivered October 19, 1927.

**1.— Selling   Marijuana — Evidence — Of   Other   Offenses — Erroneously Admitted.**

Where the state was permitted, on cross-examination of appellant's wife, to prove by her that she and appellant have very bad characters around their place of business, and several Mexican girls working in their restaurant, and that appellant's place of business was used as a house of prostitution, and to prove by an officer that girls were hanging around appellant's place at night, and that it seemed to be a hanging-out place for these women, the erroneous admission of this testimony requires the reversal of the case.

**2.—Same—Continued.**

The state should not have been permitted to turn aside from the development of the case, for which appellant was being tried, to prove other and different offenses in no way relevant to the legitimate issue made by the pleadings, and which could only tend to prejudice the jury against the appellant.   Following Schwer v. State, 37 Tex. Crim. Rep., and other cases cited.

Appeal from the County Court at Law of Harris County. Tried below before the Hon. Ben F. Wilson, Judge.

Appeal from a conviction for selling Marijuana, penalty nine months in the county jail.

The opinion states the case.

*Mark M. Carter* of Goose Creek, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MARTIN, JUDGE.—The appellant was charged in the County Court of Harris County with selling a preparation known as Marijuana.   He was found guilty and his punishment fixed at nine months in the county jail.

The testimony is sufficient to show that appellant did sell one Earnest Hightower a preparation known as Marijuana, on or about the date alleged in the information.

On cross-examination of the wife of appellant by the state, she was asked:   "Is it not a fact that you have pretty bad characters around your place of business and that you have several Mexican girls that are not working in your restaurant?"   This was objected to for the reason that it was an attempt upon the part of the state to show that defendant's place of business was used as a house of prostitution and was an indirect attack upon

defendant's reputation, and neither of these questions had been put in issue by the defendant. The witness was forced, over objection, to answer that there were some Mexican women who came to their place of business to eat and that she did not know what they did behind the house, that they may have their men in the house after night. The state, over similar objections, also proved by the deputy sheriff on his examination-in-chief that girls were hanging around defendant's place of business and never seemed to be doing anything, and that some of these girls were always in and about the place at night, and that it seemed to be a hanging-out place for these women, and that he had seen them in the rear of the restaurant in houses controlled by defendant, and that they never seemed to be doing anything.

The State's Attorney has filed a brief confessing error on this point, and we agree with him. This appellant was on trial for the sale of Marijuana, which seems to be a preparation used in a pipe or cigarette to smoke. The sale of this was the issue made. The state could not turn aside from this issue to prove another and a different offense in no way relevant to the legitimate issue made by the pleadings of the state and defendant and which could only tend to prejudice the jury against the appellant. Schwen v. State, 37 Tex. Crim. Rep. 368; Williamson v. State, 13 Tex. Crim. Rep. 518; McAfee v. State, 17 Tex. Crim. Rep. 135; Wagner v. State, 219 S. W. 471; Wade v. State, 48 Tex. Crim. Rep. 512; Branch's P. C., Sec. 166.

Appellant's remaining bills show no error, in our opinion.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.