## C. R. (RED) WILSON V. THE STATE.

No. 11283.   Delivered December 21, 1927.

**1.—Robbery Evidence—Of Collateral Offenses—Improperly Received.**

Where appellant was on trial for robbery of a bank, it was error to permit the state to prove that appellant ran a hotel in Smackover, Arkansas, in which lewd women were permitted to resort, and to ply their immoral vocation, and where whiskey was sold. This testimony had no possible relevancy to the robbery of the bank, and under all authorities its reception demands the reversal of the case. See Underhill's Crim. Ev., paragraph 150; Davila v. State, 298 S. W. 908, and other cases cited.

**2.—Same—Continued.**

"Proof of mere accusation against or evidence of particular acts of misconduct is not admissible to effect the credibility of a witness. Defendant or any other witness can only be impeached as to other offenses by showing that he has been legally charged with a felony, or with a misdemeanor imputing moral turpitude." Branch's P. C., Sec. 168, and authorities there cited.

**3.—Same—Continued.**

Mere accusations which have not eventuated in some form of prosecution for a felony or misdemeanor involving moral turpitude are inadmissible, with certain well known exceptions. This is not a new rule, but one oftimes and plainly stated in decisions running throughout the history of the appellate courts of Texas.

Appeal from the District Court of Hood County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for robbery, penalty thirty-five years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—Offense robbery, penalty thirty-five years in the penitentiary.

The evidence tends to show that appellant with three others robbed a bank in the town of Lipan about the 8th day of January, 1927. His defense was an alibi. On the trial of the case the state placed one L. A. Clark, who, it appears, was an employee of a detective agency on the witness stand, who testified that he had been in appellant's place of business at Smackover, Arkansas. Continuing, witness said: "This place that appellant was running was operated under the name of a hotel, similar to various hotels in the oil fields and was a place where women obtained rooms and men called at the hotel and associated with these women in an immoral way. There were seven women there on January 17. Prior to this time whiskey was sold at this place." Proper objections were made to the reception of this evidence.

The question is a frequently recurring and familiar one in this Court. We quote from paragraph 150, Underhill's Crim. Ev., as follows:

"The rule which requires that all evidence which is introduced shall be relevant to the guilt or the innocence of the accused is applied with considerable strictness in criminal proceedings. The wisdom and justness of this, at least from the defendant's standpoint, are self-evident. He can with fairness be expected to come into court prepared to meet the accusations contained in the indictment only, and, on this account, all the evidence offered by the prosecution should consist wholly of facts which are within the range and scope of its allegations. The large majority of persons of average intelligence are untrained in logical methods of thinking, and are therefore prone to draw illogical and incorrect inferences, and conclusions without adequate foundation. From such persons jurors are selected. They will very naturally believe that a person is guilty of the crime with which he is charged if it is proved to their satisfaction that he has committed a similar offense, or any offense of an equally heinous character. And it can not be said with truth that this tendency is wholly without reason or justification, as every person can bear testimony from his or her experience that a man who will commit one crime is very likely subsequently to commit another of the same description. To guard against this evil and at the same time to avoid the delay which would be incident to an indefinite

multiplication of issues, the general rule (to which, however, some very important exceptions may be noted) forbids the introduction of evidence which will show, or tend to show, that the accused has committed any crime wholly independent of that offense 'for which he is on trial."

A similar question was presented to this Court in the recent case of Davila v. State, 298 S. W. 908. In that case the state introduced facts which tended to show that defendant was running a house of prostitution. This Court stated: "This appellant was on trial for the sale of marijuana * * * * Sale of this was the issue made. The state could not turn aside from this issue to prove another and different offense in no way relevant to the legitimate issue made by the pleadings of the state and defendant and which could only tend to prejudice the jury against the defendant." See also Allen v. State, 278 S. W. 202. Castle v. State, 245 S. W. 917.

Mr. Branch states the rule as follows:

"Proof of mere accusations against, or evidence of particular acts of misconduct is not admissible to affect the credibility of a witness. Defendant or any other witness can only be impeached as to other offenses by showing that he has been legally charged with a felony or with a misdemeanor imputing moral turpitude." Branch's P. C., Sec. 168, citing a long list of authorities. See also recent case of Chester v. State, No. 11157, not yet officially reported.

If the state could legally prove that scarlet women occupied the hotel of appellant and that whiskey was sold therein, common justice would demand that appellant be permitted to meet such evidence with proof of its falsity if he could and desired. With the issue thus joined a collateral trial 'would be held and the minds of the jurors would be turned from the real question to be decided, the result of which could in no wise help in the solution of the disputed and real issue in the case, namely, as to whether or not appellant was present and participated in the bank robbery. Moreover, such issues could be multiplied as witnesses for the state and appellant took the stand to the point where a court trial would become a mockery and the administration of justice a farce. We take it that the learned trial judge admitted this evidence to impeach the wife of appellant, who, in detailing their whereabouts at certain times, mentioned running a hotel at Smackover, Arkansas. If the presence of lewd women in the hotel tended in any way to establish the falsity of appellant's defensive issue of an alibi, it was admissible, but it obviously had no such tendency. It was upon

a collateral matter of a highly prejudicial character and undoubtedly tended to inflame the jury against appellant. Mere accusations which have not eventuated in some form of prosecution for a felony, or misdemeanor involving moral turpitude, are inadmissible, with certain well known exceptions. This is not a new rule, but one oftimes and plainly stated in decisions running throughout the history of the appellate courts of Texas.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.