O. E. GOOLSBY v. THE STATE.

No. 11945.    Delivered April 3, 1929.

The opinion states the case.

*J. H. Beavers* of Winnsboro, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is manslaughter; the punishment confinement in the penitentiary for four years.

Prior to the repeal of the statute defining manslaughter appellant was indicted for murder, and convicted of manslaughter. A new trial was granted and on the present trial, by reason of the fact that the grade of the offense had been reduced to manslaughter, a charge on murder was not submitted. The law of manslaughter and the question of the suspension of the sentence alone were submitted to the jury.

Appellant testified in substance as follows: Appellant was picking cotton. Tilden Kitchens came to his field and told him that Hawkins Cyrus, the deceased, had stated to him (Kitchens) that he had just the same as caught appellant and appellant's sister in an act of sexual intercourse and that appellant had sent his sister off to have "the young one." Appellant became terribly angry. He went to the field of deceased and shot him with a pistol. Shortly thereafter deceased died. Tilden Kitchens testified that he communicated to appellant the fact that deceased had accused appellant of the improper conduct referred to by appellant in his testimony. Another of appellant's witnesses testified that deceased had made substantially the same statement to him as testified to by Kitchens.

Over proper objection the State was permitted to elicit from the wife of deceased that several hours prior to the homicide deceased went for some groceries; that he left his wife and baby at home; that he was gone an hour and a half; and that there was no one left at the house while he was gone except his wife and baby. There was no issue in the case to which this testimony was relevant. It was calculated to create sympathy for deceased and his family and thereby lead the jury to enhance the punishment to be assessed against appellant and deny his application for a suspended sentence. Feelings of sympathy for the dependent mother and fatherless baby, left without the support and protection of husband and father as a consequence of appellant's act, would naturally well up in the hearts of good men, with the result that prejudice against the agent responsible for such condition would likely be engendered. This testimony was inadmissible. Faulkner v. State, 43 Tex. Cr. Rep. 311; Hurst v. State, 217 S. W. 156; Allen v. State, 278 S. W. 210. However, in view of the fact that substantially the same testimony was later given without objection, the error in admitting such testimony is harmless.

As shown hereinbefore appellant applied for a suspended sentence and the question was submitted to the jury. In his argument to the jury, the district attorney said:

"The suspended sentence law has been abused in this country to the extent that the people have heretofore raised up in their might and demanded a repeal of the law."

The court gave to the jury appellant's special charge instructing the jury not to consider the remarks of the district attorney. Appellant contends that the argument complained of was of such a nature as to be obviously hurtful and prejudicial and that reversible error is shown, notwithstanding the fact that his written instruction on the subject was submitted to the jury. The argument was improper and unwarranted, and in the state of the record constitutes reversible error. The right to ask for the suspended sentence, when permitted by law, is substantial. The argument of the district attorney informed the jury that the citizenship of the county was opposed to the law and had demanded its repeal. There was no evidence in the record in support of such statement, and evidence of such character could not have been properly received. The remarks were calculated to lead the jury to believe that if the benefits of the law were conferred upon appellant popular sentiment would condemn their verdict. If the jury refused the application solely because of the fact that they were informed by the district attorney that the suspended sentence law had been abused to the extent that the citizenship of the county had demanded its repeal, said application was obviously not considered in the light of the facts and circumstances reflected by the record. We are unable to say that such was not the case. The remarks were obviously hurtful and prejudicial. When the improper argument is of such nature as to be obviously hurtful and prejudicial, a reversal will follow, although the trial court instructed the jury to disregard the improper argument. Branch's Annotated Penal Code of Texas, Section 362.

The other questions raised are not likely to occur on another trial.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.