### A. M. THOMAS v. THE STATE.

No. 16703. Delivered June 29, 1934.

The opinion states the case.

*Clem Calhoun* and *Thomerson & Wilson,* all of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for assault with intent to murder; punishment assessed being imprisonment in the penitentiary for five years.

The facts may be substantially stated as follows: Homer Hart, a leather worker, was working out of the C. V. Ross Boot Shop in Amarillo, Texas, and living in a garage where he also had what he termed his workshop. To this place came the appellant on Saturday, June 24th, 1933, and without provocation or cause of any kind, according to the State's theory, commenced cursing and abusing Hart, and, drawing a knife, commenced to cut Hart about the head, face and stomach, all of the cuts inflicted being serious, the cuts about the stomach particularly so, so that Hart's intestines protruded and he would have died but for a stout constitution and prompt and adequate medical attention. The defense did not question the commission of the assault or the seriousness of the injuries inflicted upon Hart, but sought to mitigate the offense charged by proving that it was committed in the heat of passion arising from adequate cause and hence was an assault without malice, the facts relied on to constitute adequate cause being the communicated misconduct of prosecuting witness Hart with the appellant's wife.

The record shows that appellant and his wife had been separated, and if improper relations occurred between her and Hart it was during such estrangement. Appellant and his wife had become reconciled, and were living together again at the time of the assault, and at the time appellant claims to have learned of the relations mentoned. Hart testified that during the time appellant and his wife were not living together appellant advised Hart of that fact, and told him it would be all right if he went with appellant's wife, and that it would be all right with appellant for Hart to have sexual intercourse with her if she was willing. Hart claimed that he did not avail himself of the complete privilege extended, but

admitted that on one occasion appellant's wife came to his room and that they did indulge in "fondling and petting." A witness who claimed to have heard a part of the conversation between appellant and Hart at the time the former made the liberal suggestion to the latter says appellant told Hart it would be all right for him to go with appellant's wife if Hart treated her "like a lady." On the afternoon of June 24th, being the day of the assault, the defendant made a confession in writing to the sheriff and assistant district attorney, in which he acknowledged the assault, that it was committed with the intent to kill Hart, and that it was not done in self-defense, which confession was admitted in evidence. This confession was a rambling affair, much of it was stricken as being irrelevant and not pertinent to the offense charged, and the admission of a portion thereof is one of the serious complaints urged upon this appeal. The substance of the confession was this: That, on the afternoon of Thursday, June 22nd, being the Thursday immediately before the cutting on Saturday, defendant, walking with a friend, passed Hart, who spoke to them, whereupon the friend told him in effect that Hart was bragging around about his sexual relations with defendant's wife; that defendant went home that night and questioned his wife, who broke down and confessed to him that on one occasion she had sustained sexual relations with Hart, the occasion of the relations being a visit to Hart's workshop about a month before the cutting; that the news affected defendant deeply and that he brooded over it until, on the following day, Friday, he made up his mind to kill Hart over it, but did not see him; that on Saturday morning he set out to see Hart, and had made up his mind to talk to him in a friendly manner, but that, when he saw Hart, he couldn't stand it any longer, he immediately confronted Hart with his knowledge of Hart's misconduct with his, the defendant's, wife, and, when Hart failed to deny the charge, furiously drew his knife and started cutting, with the results which have been indicated above.

By bill of exception No. 2 the appellant complains of the action of the trial court in admitting in evidence, over his objection, the following part of his voluntary confession, to-wit: "After we made up and were living together as man and wife I told her I had been intimately crooked with other women, and after we had talked it over we ironed our troubles out and we were happy." The appellant in due time objected to same, which objection was by the court overruled.

Upon mature consideration of the objection to that part of the confession admitted in evidence, we think it clearly appears that it has no connection, directly or indirectly, with the appellant's actions constituting the offense for which he was on trial. It was an extraneous matter, the admission of which could serve no purpose other than to prejudice the minds of the jury against him. Whatever may have been appellant's own conduct as to improper relations with other women, there is no evidence in the record, except that which fell from the lips of the prosecuting witness relating to a purported conversation by appellant with said witness, which would tend to show that appellant had lost all love and affection as well as all respect for his wife. It appears from the record that Hart had gained the confidence of the appellant; that he had been to the home of appellant and broken bread with him; then poached upon the appellant's preserves and subsequently boasted of his accomplishments. When knowledge of this matter was brought home to appellant, and subsequently verified by his wife, it would seem that if he had a smouldering spark of resentment lingering in his breast when on first meeting with Hart thereafter it would assert itself and arouse such sudden passion in a person of ordinary temper as to render his mind incapable of cool reflection, and the jury may have viewed the case in that light and from that standpoint except for the objectionable part of said alleged confession. Complaint is also made of the dstrict attorney's argument in which he used the following language: "They talk about the defendant worrying at night about his wife's conduct. He said in his confession he had been intimately crooked with other women. I guess there were times when the children were wondering where their father was while he was running around with other women." It is manifest that the admission in evidence of the objectionable part of the appellant's confession was the basis for this argument. Therefore, the same should be considered in connection with that part of appellant's confession objected to and when we do so we are forced to the conclusion that the same is of such harmful and prejudicial nature as to require a reversal of this case, and in support of our views we refer to the case of Allen v. State, 278 S. W., 201, and authorities there cited.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.