EULALIO ELIZONDO v. THE STATE.

No. 17980. Delivered April 8, 1936.
State's Rehearing Denied May 27, 1936.

The opinion states the case.

*Sidney P. Chandler,* of Corpus Christi, and *Pope & Pope* and *Vale & Vale,* all of Rio Grande City, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for 25 years.

The trial was had in Nueces County on a change of venue from Starr County.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed David Gomez by shooting him with a gun.

The homicide occurred on the 30th of May, 1934, at a political gathering. The proof on the part of the State was to the effect that the killing of deceased by appellant was unprovoked. Appellant and his witnesses gave testimony raising the issue of self-defense.

Ten of the nineteen bills of exception present nothing for review. No objection was interposed to the testimony set forth in said bills. The objection to testimony may be waived,

and is waived, unless proper objection is made or timely motion made to exclude is presented, and a proper bill of exception preserved exhibiting the ruling and the complaint thereof. Fisher v. State, 1 S. W. (2d) 301.

Six of the bills of exception are in question and answer form. No certificate by the trial judge showing the necessity for such form appears. Under the decisions of this court, the State's objection to the consideration of said bills must be sustained. West v. State, 34 S. W. (2d) 253.

Bill of exception No. 14 relates to the action of one of counsel for the State in propounding to appellant the following question: "How many children did you make orphans when you killed David Gomez?" Appellant's objection was sustained and the question was not answered. We find in the bill the following certificate of the trial judge: "The question propounded by the State's special prosecutor was calculated to lead the jury to believe that the defendant was a violent man and such question was extremely prejudicial and the prejudice created against the defendant by the asking of the question was not cured by the sustaining of the objection. The question was obviously of such a harmful nature as to prejudice the defendant's rights before the jury." Bill of exception No. 15 shows the State was permitted to prove, over appellant's objection, that deceased had some children. There was no issue in the case to which this testimony was relevant. It was calculated to arouse the sympathy of the jury for the surviving wife and children of the deceased, and to prejudice them against appellant. Goolsby v. State, 15 S. W. (2d) 1052; Allen v. State, 278 S. W., 201; Faulkner v. State, 65 S. W., 1097. In view of the certificate of the trial judge that the question was obviously of such a harmful nature as to prejudice appellant's rights, we are constrained to hold that reversible error is manifested. Roberts v. State, 27 S. W. (2d) 159; McKee v. State, 34 S. W. (2d) 592; Miller v. State, 36 S. W. (2d) 158; Bryan v. State, 70 S. W. (2d) 715; Lemons v. State, 75 S. W. (2d) 878.

It is shown in bill of exception No. 16 that one of counsel for the State propounded to a witness for appellant the following question: "Elizondo (appellant) was known as a very dangerous man in that country wasn't he?" The witness replied that he did not know. Counsel then asked the witness a question, as follows: "Hadn't you known he had shot a number of men up there?" Appellant's objection was sustained and the question was not answered. Appellant had not placed in issue his reputation in any respect. The questions carried the impu-

tation that appellant was a dangerous man and that he had shot a number of men. In Childress v. State, 241 S. W., 1029, it is shown that the accused had not placed his reputation in issue. Nevertheless, the district attorney asked a witness if he knew the general reputation of the accused as a peaceable and law-abiding citizen. The trial court sustained the objection, and the question was not answered. We held that the question was obviously of such a harmful nature as to require a reversal of the judgment. A similar situation was presented in Coon v. State, 35 S. W. (2d) 419. In reversing the judgment of conviction because of the error on the part of the State in attempting to place in issue the reputation of Coon, Judge Lattimore, speaking for the court, said: "We cannot gauge the evil effect upon the jury of such improper question. The appellant was not given the lowest penalty." See, also, Stages v. State, 47 S. W. (2d) 820; Hunter v. State, 18 S. W. (2d) 1084; Franks v. State, 68 S. W. (2d) 207; Watson v. State, 59 S. W. (2d) 126. We are constrained to hold that under our decisions the bill of exception reflects reversible error.

Several of the bills of exception complain of questions to witnesses for appellant concerning specific acts of misconduct on their part. While these bills are defective and not entitled to consideration, in view of another trial, we quote from Branch's Annotated Penal Code, sec. 168, as follows:

"Proof of mere accusations against, or evidence of particular acts of misconduct, is not admissible to affect the credibility of a witness. Defendant or any other witness can only be impeached as to other offenses by showing that he has been legally charged with a felony or with a misdemeanor imputing moral turpitude."

Other defective bills of exception are concerned with the action of the trial court in permitting the State to impeach a witness for appellant by showing he had stated to the impeaching witness, in effect, that he had gone to the political gathering because he had been told there would be a killing there. This testimony was inadmissible. See Drake v. State, 15 S. W., 725; Shannon v. State, 38 S. W. (2d) 785; Howle v. State, 43 S. W. (2d) 594.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., absent.

## ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have before us the motion for rehearing prepared by the State's Attorney before this court. In the light of the motion, we have re-examined the record, which embraces some fifty pages, covering the appellant's bills of exception. We are constrained to adhere to the conclusion that the bills of exception discussed in the original opinion disclosed error requiring a reversal of the conviction. It might be added that numerous bills of exception, not set forth in the original opinion, embrace complaints of improper questions propounded by counsel for the State, not only to the appellant but to several of his material witnesses. As an example, reference is made to Bill of Exception No. 1, which discloses that the appellant's witness Guerra was asked on cross-examination the following question:

"Mr. Guerra, the defendant in this case, while a deputy of yours, ran the only whore house that was ever in La Grulla, didn't he, under your protection?"

The witness replied in the negative.

Other bills of exception found in the record are of the same nature. In some of them the questions were not answered; in others it is shown that the witnesses answered in the negative. In each of said bills the improper questions were so framed as to within themselves reflect upon the appellant. The procedure followed was similar to that disclosed in the case of Young v. State, 92 Texas Crim. Rep., 277, 243 S. W., 472, in which case the court held that the asking of the improper questions was hurtful and prejudicial to the accused.

Without going into more detail, the procedure followed in the present case is regarded as inimical to a fair and legal trial.

The motion for rehearing is overruled.

*Overruled.*