WALTER ECKELS V. STATE.

No. 24358. April 27, 1949.
Rehearing Denied May 25, 1949.

*Eugene A. Blair* and *Grady West, Lubbock,* for appellant.

*Lloyd Croslin,* District Attorney, Lubbock; *Wm. Roy Sansing,* Special Prosecutor, Higgins; and *Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is murder with malice. The punishment assessed is confinement in the state penitentiary for a period of five years.

The evidence, briefly stated, shows that on the afternoon of the 22nd day of May, 1948, appellant and the constable of Precinct No. 2 of Lubbock County were driving around in an automobile in the vicinity of the railroad yards in Slaton. While in the yards, they noticed two men on a tank car. Appellant called to them to come to him. The men jumped off the tank car on the opposite side and ran some distance and squatted down. Appellant drew his pistol, ran around the caboose of the slowly moving train, and fired at the men, who immediately arose and ran. He then fired the second shot and the man in the rear fell to the ground. He then fired the third shot at the fleeing man, who threw up his hands and came back to where his companion had fallen. Appellant went to where they were and with the aid of the wounded man's companion brought him to a point near the railroad tracks when an ambulance was ordered and he was carried to a hospital, but on arrival at the hospital he was pronounced dead by a physician.

It was appellant's theory, supported by his evidence, that he fired the first two shots in the air and the third some twenty feet to the side of the fleeing men with the purpose of inducing

them to stop and come to him. He contended that the deceased had a flash light with a nickle-plated rim which he had in his hand; that the deceased was facing him and with the sun shining on the flash light, it appeared to him to be a pistol. No weapon of any kind or character was found on either of the men nor anywhere in the vicinity of where the unfortunate killing occurred.

There were three railroad employees in the caboose who observed the occurrence. The testimony of two is to the effect that the bullet from the first shot struck the ground about twenty feet ahead of the men; that at the second shot the man in the rear fell to the ground and then the third shot was fired.

An examination of the deceased's body revealed the fact that he was shot in the back through the left shoulder. The foregoing is a brief summary of the salient facts proved on the trial as reflected by the record.

Appellant brings forward a number of complaints, some of which relate to the admission and exclusion of evidence and some to the action of the trial court in declining to submit special requested charges.

By Bill of Exception No. 1, he complains of the testimony elicited by the state from the father of the deceased to the effect that his son, the deceased, was a married man; that he had a wife and five children, the youngest of which was a girl nine months old and the oldest a boy fourteen years of age. The objection urged against the admission of this testimony in evidence was that it was irrelevant, immaterial, inflammatory and highly prejudicial. This character of evidence has been held inadmissible by this court in the following cases: Faulkner v. State, 43 Tex. Cr. R. 311 (65 S. W. 1097; Allen v. State, 102 Tex. Cr. R. 441 (278 S. W. 201); Hurst v. State, 86 Tex. Cr. R. 375; (217 S. W. 156); and Elizondo v. State, 130 Tex. Cr. R. 393 (94 S. W. 2d 457). We think the rule announced in the foregoing cases is sound in principle notwithstanding an expression to the contrary in the case of Hill v. State, 217 S. W. (2d) 1009. The general rule seems to be that evidence which is not pertinent, which throws no light upon any issue or fact in issue, is irrelevant and inadmissible. However, in the instant case appellant, on cross examination of the witness, elicited from him the fact that his son, the deceased, moved his family from Oklahoma to California and did not come back to Oklahoma for thirteen years. S. F. p. 3. The witness further testified that he received

letters from the deceased's wife; that he would get letters from the family. S. F. p. 4. It will be noted that appellant, without any apparent object of breaking the force and effect of the testimony complained of, elicited similar testimony from the witness. It occurs to us that under these circumsances appellant has no just ground for complaint. The rule is well established in this state where testimony of like character is introduced without objection as that objected to, it does not constitute reversible error. See Soble v. State, 218 S. W. (2d) 195; Weaver v. State, 144 Tex. Cr. R. 590 (165 S. W. 2d 106); and cases there cited.

Bill of Exception No. 2 reflects the following occurrence, to-wit: Bert Morris was called as a witness by defendant and was asked if Witherspoon said anything while the deceased was on the ground, to which the state objected on the ground that it would be hearsay. The objection was sustained, the jury was retired, and appellant's counsel stated to the court that the testimony was offered as a part of the res gestae. Whereupon, the witness stated that he inquired of Witherspoon why he ran to which he replied that he didn't know; that he was scared and knew he was violating the law, and that was the reason he ran. Whether it be hearsay or res gestae is of no avail to him unless it was pertinent to some issue in the case. What was the purpose of introducing this evidence? Was it intended to be utilized as a justification for the killing? That it was not admissible for such purpose is quite obvious. The fact that Witherespoon and the deceased were riding on a freight train in violation of the law would not authorize appellant to arrest them without a warrant, since they had not committed a breach of the peace nor a felony in his presence. The fact that they were running because they feared that they would be illegally arrested is no justification for appellant's act in shooting at them. Since appellant's attempt to arrest them without a warrant was illegal, it would not be any justification for shooting at or killing the deceased.

Bill of Exception No. 3 shows that appellant was put on trial at three different times. On his first trial, the jury failed to agree on a verdict. On the second trial, a juror became very ill, and on his third trial he was convicted. Appellant, in due time, filed a motion in arrest of judgment based on the alleged ground that he had not been arraigned. The judgment in the case recites that he was duly arraigned. Regardless of the recitation in the judgment, the presumption would prevail that he was arraigned and the burden rested on him to show affirmatively that he was not arraigned. The only person called by

him as a witness was the clerk of the court who testified that he didn't think there had been a formal arraignment in the case. We do not believe that what the clerk may or may not think is sufficiently cogent evidence to overcome the legal presumption. If he knew that the defendant had not been arraigned, he should have so stated. Such testimony is too uncertain and equivocal. However, the recitation in the judgment contradicts the allegations in the motion in arrest of judgment. Moreover, a defendant may waive everything except a trial by a jury in a capital case. See Vernon's Ann. C. C. P. Art. 11.

Art. 492, Vernon's Ann. C. C. P., provides as follows: "An arraignment takes place for the purpose of fixing his identity and hearing his plea." This proceeding, in case of a change of venue, is generally had in the court granting the application for a change of venue and in the absence of a jury. Therefore, it is not a part of a trial by jury, and may be waived. See Plasters v. State, 1 Tex. App. 673. If appellant knew that he was not arraigned and did not want to waive arraignment, he should have raised the question before the conclusion of the evidence and given the trial court an opportunity to have him arraigned.

Appellant's fourth complaint is that the court failed and refused to charge on negligent homicide in the first degree. We do not think the question of negligent homicide is raised by the evidence. He was not in the performance of a lawful act but an unlawful act. There is no evidence of negligence in the record. He employed a deadly weapon and used it with deadly effect. If he did not intend to kill but merely to frighten the fleeing parties, he may have been entitled to a charge of aggravated assault. The trial court charged on accidental killing which was all, in fact, more than he was entitled to since there was no evidence that the bullet hit a rock, bush or piece of timber which caused it to deflect. It was based on nothing but imagination, presumption, and speculation.

No reversible error appearing from the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed a motion for rehearing complaining that

this court refused to sustain his contention in each of Bills of Exception Numbers 1, 3 and 4. It will not be necessary to write further as they were fairly discussed in the original opinion.

By the fourth complaint he says that the trial court committed error in refusing to grant his special requested instruction No. 1, and that the question raised thereby was not brought to this court's attention on original submission. This question did have the court's attention on original submission and it was the opinion then, as now, that the question was so obviously contrary to law that a discussion of it would not be necessary. We adhere to that view.

Appellant's motion for rehearing is overruled.