## Merjeldo Cavarrubio v. State

No. 26,968. April 28, 1954

E. A. Blair, Lubbock, for appellant.

Wesley Dice, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is assault with intent to murder; the punishment, two years.

The state's witnesses testified that the appellant, without provocation, shot Ishmel Bustillios three times while at a drinking establishment, that one bullet severed his spinal column, as the result of which the injured party was totally and permanently paralized from the shoulders down. According to these witnesses, there had been no prior difficulty between the parties and the injured party made no hostile gesture prior to being shot.

Appellant and his witnesses testified that the injured party had hit the appellant over the head with a beer bottle, that the appellant ran home and got his pistol, that upon returning he observed the injury party advancing toward him with a beer bottle in his hand, that he shot twice in the air and then shot the injured party three times.

The jury resolved the issue of self-defense against the appellant, and we find the evidence sufficient to support the conviction.

Bill of Exception No. 1 complains of paragraph 7 of the court's charge. In this paragraph the court instructed the jury in the language of Article 1223, V.A.P.C. He told them that a beer bottle was not a deadly weapon "per se" and that it depended upon the way and the manner in which the beer bottle was used as to whether it would be a deadly weapon and applied the law as to the statutory presumption of intention to inflict serious bodily injury to the facts in the case. The court further instructed the jury that if the beer bottle created in the mind of the appellant an apprehension of death or serious bodily injury and that his actions in shooting were the result of such apprehension of death or serious bodily injury, appellant was warranted in using all means necessary to repel the same; and if the jury believed the appellant was operating under such reasonable apprehension of death or serious bodily injury to himself when he shot the injured party, or if the jury had a reasonable doubt thereof, it was the duty of the jury to acquit the appellant.

Appellant admits that he can cite no case supporting his contention that this was an intermingling of defenses, and we have been unable to find any.

Bill of Exception No. 2 complains of paragraph 6 of the court's charge. We think that the charge as a whole, especially paragraph 8 thereof, clearly submits all of the appellant's rights under the law and instructed the jury on the law of self defense to view the matter from the appellant's standpoint at the time of the homicide.

Bill of Exception No. 3 recites that the injured party was permitted to testify, over objections, that his family consisted of a wife and two small children.

Our able state's attorney conceded that this evidence was immaterial and irrelevant, and we agree. We must now determine whether its admission constitutes reversible error. Appellant relies upon Eckels v. State, 153 Texas Cr. Rep. 402, 220 S.W. 2d 175. The Eckels case was not reversed, but therein we find cited a number of cases, which we will discuss in chronological order.

In Faulkner v. State, 43 Texas Cr. Rep. 311, 65 S.W. 1093, there were a number of glaring errors which demanded a reversal. During the course of the opinion the court observed that proof of the number of children born to the deceased and his wife had no pertinency in the homicide prosecution.

In Hurst v. State, 86 Texas Cr. Rep. 375, 217 S.W. 156, the conviction was reversed for a number of errors, one of them being that the wife of the deceased was permitted to testify that a child was born to her three days after the homicide.

In Allen v. State, 102 Texas Cr. Rep. 441, 278 S.W. 201, the court, in discussing the bill of exception relating to proof that deceased had left surviving him five children, said:

" . . . It is not necessary in this case to decide as to whether this matter constituted reversible error. . . .

"In view of another trial, we hold that this testimony should be excluded."

In Elizondo v. State, 130 Texas Cr. Rep. 393, 94 S.W. 2d 457, the conviction was reversed, among other reasons, because the court certified in the bill that the asking of the question, "How many children did you make orphans when you killed David Gomez?", together with proof that Gomez had children, was "of such a harmful nature as to prejudice appellant's rights."

We have been cited no case and have found none which was reversed on this point alone.

It is our considered judgment that had there been an excessive verdict in this case it would have been the result of the proof that the injured party was paralyzed for life rather than the proof that he had children.

So concluding, we hold Bill of Exception No. 3 not to reflect reversible error.

Finding no reversible error, the judgment of the trial court is affirmed.