**Robert Lee CHISM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43988.**

Court of Criminal Appeals of Texas.

Sept. 16, 1971.

Sam Houston, Clinton, Jr., Philip C. Friday, Jr., Austin, for appellant.

Robert O. Smith, Dist. Atty., Lawrence Wells, Harold Jacquet and Robert A. Huttash, Asst. Dist. Attys., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal is from a murder conviction where the punishment was assessed by the jury at 50 years.

The facts present an example of the eternal triangle. Sandra Smith, wife of the deceased Eugene Smith, testified she and the appellant had been intimate while her husband was in the Army serving in Viet Nam. She related she attempted to

---

terminate the affair upon her husband's return but that the appellant on several occasions threatened to kill her and the deceased if she persisted in her efforts to end the affair.

On September 1, 1969, Sandra Smith encountered the appellant on the east side of Austin. He repeated his threats. She then crossed the street and got into the car with her husband. Later in the afternoon as they parked in front of their apartment the appellant approached and told Sandra he wanted to talk to her. With the deceased's consent she complied with his request. Again he threatened the life of the deceased and then left. When she returned to the car Sandra and her husband entered their apartment and began a discussion of her involvement with the appellant. During their discussion the appellant came to the door but it was shut by the deceased. The appellant then called Sandra on a telephone in an adjoining apartment but she refused to take the call.

During their discussion Sandra and the deceased went into the bathroom. They were suddenly interrupted by the appellant's entrance into the room. When the deceased asked him to leave the appellant pulled a gun, called the deceased a m_ _ _ _ _ f_ _ _ _ _ and shot the deceased in the chest, perforating the aorta.

The appellant fled the scene and was observed by a number of witnesses. He was apprehended over a week later by the Austin police.

In the sole ground of error advanced by appellant's appointed counsel on appeal, it is contended the "trial court erred in permitting the State to introduce evidence of the deceased's peaceable character, when the appellant had not earlier put the deceased's character in issue."

This ground of error is based on the testimony of Sandra Smith and John T. Smith. On direct examination Sandra testified the deceased calmly permitted her to converse privately with the appellant when he approached their car on the date of the homicide. On cross-examination appellant's counsel elicited from her that when she laid "it on the line" about her affair with the appellant that the deceased did not get upset about it at all. Later the complained of testimony occurred on re-direct examination when she testified the deceased was "a rather quiet fellow" "who didn't talk very much" and "wasn't the type of person to get upset or to let his emotions show in any way." To such testimony there was no objection.

Later John T. Smith, without objection, also described the deceased "as sort of a quiet and peaceful type person" who did not talk "much at all."

"It is never competent for the State in the first instance to prove that the person slain was peaceable and inoffensive. Such evidence becomes admissible in rebuttal when the opposite has been testified to in behalf of the defense, or when the defendant seeks to justify the homicide on the ground of threats made by the deceased. (Citation of authorities eliminated.)" Arthur v. State, 170 Tex.Cr.R. 161, 339 S.W. 2d 538, 539.

In view of the testimony previously given and the lack of objection, no reversible error is presented. Cf. Madden v. State, 171 Tex.Cr.R. 80, 344 S.W.2d 690.

In a handwritten pro se brief appellant contends his court appointed trial counsel was incompetent and he was deprived of the effective assistance of counsel. He was represented by two appointed trial counsel and he is represented on appeal by two different counsel. After a careful examination of the record, we find no merit in his contention.

Appellant's claim that perjured testimony was knowingly used by the prosecution is not supported by the record, and we reject appellant's proposition that the evidence was insufficient to support the jury's verdict.

The judgment is affirmed.