· Conrado VELA, Appellant,

v.

The STATE of Texas, Appellee.

No. 49203.

Court of Criminal Appeals of Texas.

Nov. 13, 1974.

Rehearing Denied Dec. 18, 1974.

John C. Hendrik, Dallas, Court appointed on appeal, for appellant.

Henry Wade, Dist. Atty., Richard W. Wilhelm, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The conviction was for murder with malice. Appellant pled guilty and a jury assessed punishment at 99 years' imprisonment.

The sufficiency of the evidence is not challenged, but a brief statement of facts is in order. On the evening of July 1, 1973 an altercation erupted between appellant's brother and the deceased, Kenneth Brown, who was employed as a clerk at the drive-in grocery where the disturbance occurred. As the two went outside to physically settle their dispute, appellant became involved in the struggle and was struck by the deceased. Whereupon, the deceased went back into the store and appellant and his brother went home. Appellant later returned alone to the store with a pistol. Upon entering the store, appellant began shooting at the deceased who was running toward a cold storage vault in the rear of the store. The evidence indicates that appellant fired six to eight times, striking the deceased in the back. Appellant returned home where he was later arrested. The deceased was found dead where he had fallen. No evidence was introduced of any prior contact between appellant and deceased.

Appellant initially complains of testimony adduced at trial regarding the good character of the deceased. It is his contention that the decedent's character was not in issue and evidence of it was introduced solely to inflame the minds of the jury. The evidence adduced was the testimony of Harvey Othel Martin, a professional football player. Martin testified to having played on the same college football team with the decedent and that the de-

ceased was a man of kind and inoffensive character. The State seeks to justify such evidence on the basis that the testimony of appellant and his brother raised the issue of decedent's violent and dangerous character which they were entitled to rebut. Appellant claims that, while his brother and the deceased were fighting, he innocently happened into the affray and was struck by the deceased. Afterwards, he maintains that he was told by some unknown person that the deceased was going to kill him.

The rule is well settled that:

"It is never competent for the State in the first instance to prove that the person slain was peaceable and inoffensive. Such evidence becomes admissible in rebuttal when the opposite has been testified to in behalf of the defense, or when the defendant seeks to *justify the homicide* on the ground of threats made by the deceased." Arthur v. State, 170 Tex.Cr.R. 161, 339 S.W.2d 538 at 539 (1960). (Emphasis added)

The issue is thus confined to whether the testimony of appellant and his brother sufficiently raised the issue of the deceased's violent character to allow the State to rebut with evidence to the contrary. First of all, it must be noted that there is no true defensive theory raised by appellant which would justify the homicide. This is evidenced by appellant's guilty plea and any testimony proffered at this stage of the trial served only to mitigate punishment. Therefore, the issue of justifiable homicide was not presented and the State could not rely on this basis to introduce such evidence. The record does not reflect any antecedent threat made by the deceased against the appellant, nor does it indicate evidence was admitted that portrayed the deceased to be a violent and dangerous person. Even if the record could be construed to show that a threat was made, it still would not raise the issue of decedent's character. In Pollard v. State, 119 Tex.Cr.R. 452, 45 S.W.2d 618 (1932) it was held that threats made by the deceased *after* the conflict began and during the continuation thereof did not make admissible evidence of deceased's peaceable reputation. In that case, it was stated:

"The right of the state, however, to introduce evidence touching the general reputation of the deceased in the particular mentioned [evidence that deceased's general reputation for peace and quietude was good], results from evidence of threats made *antecedent* to the conflict in which the killing took place." (Emphasis added)

Although it was error to admit such prejudicial testimony, the appellant has waived the right to complain on appeal for failure to make the proper specific objection. From the record, the only objection made in the trial court was that the testimony was irrelevant, immaterial, and inflammatory. This objection was made prior to any testimony actually given. At no time did appellant ever make an objection to this testimony on the grounds that it was improper character evidence; nor was any motion to strike such testimony as being irrelevant made after the witness testified.

A general objection preserves nothing for review and is not sufficient to apprise the trial court of the complaint urged. It is a long established rule that an objection to the admission of evidence must be specific and must state the grounds of the objection. Failing to meet this requirement, such a general objection will not be considered for review by this Court. Holmes v. State, 502 S.W.2d 728 (Tex.Cr.App.1973); Russell v. State, 468 S.W.2d 373 (Tex.Cr.App.1971).[1]

---

1. We note in passing that Martin's complete testimony relates to his personal knowledge of the deceased's reputation. A witness cannot testify as to his own personal experience and observation or express his own opinion, but must confine himself to evidence of general reputation. Watson v. State, 156 Tex.Cr.R. 585, 244 S.W.2d 515 (1952).

In his second ground of error, appellant urges reversible error was committed in allowing the deceased's widow to testify. From a close examination of her testimony, it is apparent that it was completely irrelevant, immaterial, and prejudicial. She testified that she had one child, age three, and that the deceased at the time of his death was working at two jobs, attending college, and playing on the championship football team. She also testified that he had aspirations to play professional football, sang in the church choir, was an usher in the church, and was a social worker for an organization benefitting the underprivileged children of all races. There can be no doubt that this testimony had no bearing whatsoever on any material issue in the case and its sole purpose was to inflame the minds of the jury. The State, by its own concession, admits that it was not even intended to be good character evidence of the deceased.[2] This Court has consistently held evidence of this type to be inadmissible. Faulkner v. State, 43 Tex.Cr.R. 311, 65 S.W. 1093 (1901); Allen v. State, 102 Tex.Cr.R. 441, 278 S.W. 201 (1925); Goolsby v. State, 112 Tex.Cr.R. 216, 15 S.W.2d 1052 (1929); Ainsworth v. State, 122 Tex.Cr.R. 483, 56 S.W.2d 457 (1933); Elizondo v. State, 130 Tex.Cr.R. 393, 94 S.W.2d 457 (1936); Eckels v. State, 153 Tex.Cr.R. 402, 220 S.W.2d 175 (1949); Cavarrubio v. State, 160 Tex.Cr.R. 40, 267 S.W.2d 417 (1954); Orozco v. State, 164 Tex.Cr.R. 630, 301 S.W.2d 634 (1957); Cadenhead v. State, 369 S.W.2d 44 (Tex.Cr.App.1963); Salazar v. State, 397 S.W.2d 220 (Tex.Cr.App.1965); Whan v. State, 438 S.W.2d 918 (Tex.Cr.App. 1969); Chism v. State, 470 S.W.2d 673 (Tex.Cr.App.1971).[3]

Even though the prejudicial evidence admitted through Mrs. Brown's testimony is far more prejudicial than any case cited above, all except the portion dealing with the deceased's church and social activities was admitted in other testimony without objection from appellant. This Court has held that admission of improper evidence is not reversible error if the same facts are proven by other testimony not objected to. See Orozco v. State, supra, and Eckels v. State, supra. The remaining portion of her testimony which was not proven from other unobjected to testimony, standing alone, does not rise to sufficient magnitude to warrant a reversal. Cavarrubio v. State, supra; Salazar v. State, supra, and concurring opinion in Whan v. State, supra. Appellant's second ground of error is overruled.

Finally, complaint is made to the prosecutor's improper jury argument. Counsel for appellant moved for a mistrial on the basis that this was an appeal to emotion to the jury. We do not reach the merits of this ground of error because appellant failed to specifically object to the prosecutor's argument as being outside the record[4] and inflammatory. In the instant case, no objection was made, merely a motion for mistrial. The proper objection must be made or the alleged error is waived. Holmes v. State, supra.[5] Without a timely and specific objection being made, no error is preserved for our review.

The judgment is affirmed.

2. See footnote 1 regarding inadmissibility of personal knowledge of character as evidence of reputation.

3. Although these cases uniformly hold such evidence inadmissible, there is conflict as to whether or not it amounts to reversible error to admit it. However, this issue need not be decided in this case because of other testimony admitted without objection.

4. It is well settled that the prosecutor must stay within the record during his argument to the jury. Smith v. State, 489 S.W.2d 920 (Tex.Cr.App.1973); Hefley v. State, 489 S.W. 2d 115 (Tex.Cr.App.1973).

5. We note that an instruction to the jury to disregard would have been sufficient to cure the alleged error, thus a motion for mistrial was not in order. Bermudez v. State, 504 S. W.2d 868 (Tex.Cr.App.1974).