**Obie RICHARDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 47658.

Court of Criminal Appeals of Texas.

March 13, 1974.

---

to arraign him until after the State had closed its case.

The record discloses that the indictment was returned by the grand jury on March 30, 1972, and that appellant was arrested on August 21, 1972. Appellant received a copy of the indictment on August 24. At trial, the jury was sworn and impanelled, the indictment was read to the appellant, and his counsel entered a plea of not guilty for appellant. After the State had rested its case at the guilt stage of the trial, appellant took the stand and for the first time asserted his claim that he had not been previously arraigned. Conflicting testimony was introduced regarding whether appellant's counsel had entered an appearance for him at an April 7 arraignment. Nevertheless, the trial court granted the State's motion to reopen for the purpose of arraigning appellant. The jury was removed from the courtroom, appellant was then arraigned, and, appellant refusing to enter a plea, the court entered a plea of not guilty for him. The jury was returned and testimony was heard from three more witnesses.

Ed P. Williams, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., John Potter, Asst. Dist. Atty., Corpus Christi, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for sale of dangerous drugs. The jury assessed punishment at eight years.

Appellant was convicted of the sale of four amphetamine tablets to Alan Tittle, an undercover agent for the Department of Public Safety. The sufficiency of the evidence is not challenged.

Appellant first contends that the trial court committed reversible error in failing

Article 26.01, Vernon's Ann.C.C. P., requires arraignment in all felony cases and all misdemeanor cases punishable by imprisonment. The purpose of arraignment is to determine the identity and the plea of the person charged. Because arraignment is not a part of trial by jury, it may be waived by a defendant. Eckels v. State, 153 Tex.Cr.R. 402, 220 S.W.2d 175. An accused's right to arraignment is waived when a defendant raises the question of arraignment for the first time in his motion for new trial. Vanwright v. State, Tex.Cr.App., 454 S.W.2d 406.

We hold that when the appellant, represented by counsel, entered his plea to the indictment, he waived the right to arraignment. There was no purpose for arraignment because the appellant had already entered his plea to the indictment at the trial on the merits and there was no

question of identity.[1] Any cases that might be construed to the contrary are overruled.

Appellant next contends that the trial court erred in refusing to require the State's witness, Department of Public Safety undercover narcotics agent Alan Tittle, to disclose his residential address, his wife's name, the name of his bank, and the names and addresses of some of his associates. He urges that such refusal improperly limited his right to cross-examine the witness and test his credibility.

Appellant relies upon Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956, and Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624. In those cases, a trial court ruling that defense counsel could not inquire on cross-examination as to the present place of residence of a witness was held to be error on the grounds that the question put forth was "an appropriate preliminary to the cross examination of the witness" and served as "an essential step in identifying the witness with his environment, to which cross examination may always be directed."

This Court refused to apply the Smith and Alford rule under the circumstances presented in Waston v. State, Tex.Cr.App., 488 S.W.2d 816, and Winkle v. State, Tex. Cr.App., 488 S.W.2d 798. In Watson, citing and relying upon Baldwin v. State, Tex.Cr.App., 478 S.W.2d 476, we held that the trial court properly refused to require a witness, an undercover narcotics agent, to disclose his place of residence at the time he allegedly purchased heroin from the appellant. Noting that the security risk was obvious, we refused to require disclosure where no particularized need for the information was shown. Applying the same reasoning in Winkle, we upheld the trial court's refusal to require the prosecutrix in a rape case to divulge her current address and place of employment where the defendant knew her address at the time

of the offense and had threatened the lives of the prosecutrix and her family. We held that "[t]he court properly limited the answer because her answer might have endangered the witness or her family." Id, at 800.

More recently, in Satterwhite v. State, Tex.Cr.App., 499 S.W.2d 314, we held that the trial court did not err in limiting the cross-examination of the prosecutrix in a rape case to testimony regarding her background in her home city of Corpus Christi shown to be relevant and to have probative value, and refusing disclosure of her current Houston residence address.

The scope of cross-examination is within the control of the trial judge in the exercise of his sound discretion. Watson v. State, supra, citing 62 Tex.Jur.2d, Witnesses, Section 861. Absent a showing of a particularized need under the circumstances of this case, the trial court did not err in refusing to require the witness to answer the defense counsel's questions regarding his residential address, his bank, and his social acquaintances.

Appellant's final complaint is that the trial court erred in admitting evidence of a prior conviction at the punishment stage of the trial.

The record discloses that appellant's counsel stipulated that appellant was one and the same person previously convicted of burglary. The State introduced evidence that appellant's sentence had been probated and later revoked upon a subsequent conviction for burglary. Appellant, however, urges that the prior conviction may not be properly introduced in evidence because he had received a full pardon from the Governor of Texas.

If there was a pardon, it was never introduced in evidence and is not included in the record on appeal. Appellant did not object to the introduction of the prior con-

---

[1]. If the name is incorrect in the indictment, a defendant may suggest a name change. Article 26.15, V.A.C.C.P.

viction. Error, if any, was not preserved and nothing is presented for review on appeal.

There being no reversible error, the judgment is affirmed.