**Otis Don WOODS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–00–00210–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted July 14, 2003.

Decided Aug. 19, 2003.

Bob Wicoff, Houston, for appellant.

Donald W. Rogers Jr., Asst. Dist. Atty., Calvin A. Hartmann, Harris County Dist. Atty's Office, Houston, Matthew William Paul, State Prosecuting Atty., Austin, for appellee.

Before MORRISS, C.J., ROSS and CORNELIUS,* JJ.

### OPINION

Opinion by Justice CORNELIUS (Retired).

This case is before us on remand from the Texas Court of Criminal Appeals. We initially reversed Woods' conviction because we found he was denied effective assistance of counsel. *Woods v. State,* 59 S.W.3d 833, 838 (Tex.App.-Texarkana 2001), *rev'd,* 108 S.W.3d 314 (Tex.Crim. App.2003). The Texas Court of Criminal

* William J. Cornelius, C.J., Retired, Sitting by    Assignment

Appeals reversed our judgment, holding that we had no jurisdiction to consider Woods' allegation of ineffective assistance of counsel since he did not include that ground in his notice of appeal as required by Tex.R.App. P. 25.2. *Woods v. State*, 108 S.W.3d 314 (Tex.Crim.App.2003).

Woods pleaded guilty pursuant to a plea agreement. The trial court accepted the plea bargain and assessed the agreed punishment. According to Tex.R.App. P. 25.2(b)(3) (Vernon 2002) as it existed when Woods' plea was accepted, Woods could appeal only if his notice of appeal (a) specified that the appeal was for a jurisdictional defect, (b) specified that the substance of the appeal was raised by written motion and ruled on before trial, or (c) stated that the trial court gave Woods permission to appeal. Woods' amended notice of appeal did state that the appeal was for a jurisdictional defect, but his brief did not raise a jurisdictional issue. His notice of appeal also stated the appeal involved the voluntariness of his plea and the trial court's written pretrial order finding him competent to stand trial, but the Texas Court of Criminal Appeals held that these allegations do not state cognizable grounds under Rule 25.2(b)(3), and even if they did, a claim of ineffective assistance of counsel does not come within those allegations.

We initially held that we could consider Woods' ineffective assistance of counsel claim because a plea agreement made by a defendant without the assistance of effective counsel is an unfair agreement giving rise to a right to appeal the plea on the ground that it was not voluntary. *See Woods v. State*, 59 S.W.3d 833. However, the Texas Court of Criminal Appeals has held that a plea bargaining defendant may not appeal the voluntariness of his plea, *Cooper v. State*, 45 S.W.3d 77 (Tex.Crim. App.2001), and that an ineffective assistance of counsel claim may not be considered unless it comes within one of the extra notice allegations of the notice of appeal. Consequently, we were without jurisdiction to consider Woods' claim of ineffective assistance of counsel.

We therefore dismiss the appeal.