In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00014-CR
______________________________


RICHARD ALLEN MOSBY, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 351st Judicial District Court
Harris County, Texas
Trial Court No. 884754


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Richard Allen Mosby appeals his conviction for writing an undercover police officer a
prescription for dihydrocodeinone


 when there was no valid medical purpose for that prescription. 
He presents sixteen points of error. We overrule each and affirm the trial court's judgment.
Background
            Mosby was a medical doctor working as a radiologist in Houston, Texas. After an
undercover investigation by Houston police in coordination with other state officials, officers
arrested Mosby for writing a prescription for dihydrocodeinone without a valid medical purpose. 
That offense is a third-degree felony. See Tex. Health & Safety Code Ann. § 481.129(c)(1)
(Vernon 2003). Mosby voluntarily waived his right to counsel and agreed to proceed pro se during
the case. Ultimately, Mosby pled guilty and, pursuant to a negotiated plea agreement, was placed
on five years' adjudicated community supervision.
Improper Presentment of Indictment
            In his first point of error, Mosby contends the indictment was signed before presentment of
evidence on the charge to the grand jury. A notation on the indictment indicates the instrument was
prepared September 12, 2001. The indictment does not, however, show whether it was formally
approved and signed by the grand jury foreman on the date it was prepared (September 12, 2001) or
on the following day (September 13, 2001), when it was filed with the district clerk's office. 
Regardless, there is nothing in the record before us either to show when the grand jury's term began
or to otherwise suggest the indictment was approved without the State first presenting any evidence
to the grand jury to substantiate the return of the indictment. Mosby's first point of error is overruled.
Burden of Proof
            In his second point of error, Mosby contends the burden of proof was not properly placed on
the State to prove Mosby's guilt beyond a reasonable doubt. All persons charged with a criminal
offense are presumed innocent until proven guilty beyond a reasonable doubt. Tex. Pen. Code Ann.
§ 2.01 (Vernon 2003). In this case, Mosby pled guilty and judicially confessed to committing the
offense as alleged in the indictment. Mosby's plea was accepted by the trial court, and his judicial
confession was admitted into evidence without objection. A judicial confession, standing alone, is
sufficient to satisfy Article 1.15 of the Texas Constitution and sustain a conviction based on the
defendant's guilty plea. Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979). In this case,
the trial court did not shift to Mosby the burden of proof to prove his innocence. Instead, the trial
court found Mosby's judicial confession, made in conjunction with his plea of guilty, satisfied the
State's burden of proof. We overrule Mosby's second point of error.
 
 
 
 
Involuntary Guilty Plea
            In his fourth point of error, Mosby contends his guilty plea was involuntary because it was
the result of coercion or fear. A defendant may not appeal the voluntariness of a plea when the
conviction is the result of a negotiated plea agreement. Cooper v. State, 45 S.W.3d 77 (Tex. Crim.
App. 2001); Woods v. State, No. 06-00-00210-CR, 2003 WL 21960371, at *1 (Tex.
App.—Texarkana Aug. 19, 2003, no pet.) (op. on remand). Moreover, before accepting Mosby's
plea, Mosby told the trial court no one had forced, threatened, or coerced him into pleading guilty. 
The record demonstrates that Mosby was aware of the range of punishment and that he was both
competent and sane at the time of his guilty plea. In short, the law does not permit consideration of
Mosby's point of error, nor does the record factually support his position on this issue. We overrule
Mosby's fourth point of error.
Denial of Impartial Jury
            In his fifth point of error, Mosby contends he was denied his right to an impartial jury
because the trial court did not appoint an attorney to represent Mosby before permitting him to waive
a jury trial, as required by Article 1.13(c) of the Texas Code of Criminal Procedure. See Tex. Code
Crim. Proc. Ann. art. 1.13(c) (Vernon Supp. 2004). "The defendant in a criminal prosecution for
any offense may waive any rights secured him by law except that a defendant in a capital felony case
may waive the right of trial by jury only in the manner permitted by Article 1.13(b) of [the Texas
Code of Criminal Procedure]." Tex. Code Crim. Proc. Ann. art. 1.14 (Vernon Supp. 2004); see
Tex. Code Crim. Proc. Ann. art. 1.13(b) (Vernon Supp. 2004). Mosby was not charged with a
capital crime. Our law permits Mosby to waive any right, including his right to have counsel
appointed to represent him. Mosby knowingly and intelligently waived his right to a jury trial. No
error has been shown. We overrule Mosby's fifth point of error.
Quashing Witness Subpoenas
            In his sixth point of error, Mosby contends the trial court erred by quashing his subpoenas
for Senator Rodney Ellis and Representative Garnet Coleman, both members of the Texas
Legislature. Mosby subpoenaed Senator Ellis and Representative Coleman to testify at trial. The
trial court granted the State's motions to quash those subpoenas. 
            An appellate court may not find the trial court erred by excluding evidence unless a
substantial right of the party is affected and the party seeking to have the evidence admitted makes
an offer of proof as to what the excluded testimony would be. Simmons v. State, 100 S.W.3d 484,
495 (Tex. App.—Texarkana 2003, pet. ref'd); see also Tex. R. Evid. 103. At the hearing on the
motions to quash the subpoenas, Mosby did not make any offer of proof at the trial showing what
the testimony of Senator Ellis and Representative Coleman would have been had they testified. 
Accordingly, this issue has not been preserved for appellate review.
Trial Judge's Appointment to Preside by Administrative Judge
            In his seventh point of error, Mosby contends the trial judge, Honorable Charles J. Hearn,
rendered judgment during a time when he was disqualified from service. The presiding judge of an
administrative region may assign the judges within the region to hold special or regular terms in any
county of the region. Tex. Gov't Code Ann. § 74.056 (Vernon 1998). Honorable Olen Underwood,
Presiding Judge of the Second Administrative Judicial Region, assigned Judge Hearn, as senior judge
of the 263rd Judicial District Court, to preside over the 351st Judicial District Court of Harris
County, Texas, for a period of at least one week, beginning November 4, 2002, and continuing until
all trials begun during the initial week of the assignment had concluded. The assignment did not
restrict Judge Hearn's ability to exercise plenary jurisdiction over the assigned court during the term
provided by the assignment. 
            A judge who is assigned pursuant to Article 74.056 "has plenary authority over the case to
the extent of the assignment order." Davis v. Crist Indus., Inc., 98 S.W.3d 338, 341 (Tex.
App.—Fort Worth 2003, pet. denied). Mosby's trial in the 351st Judicial District Court began
November 4, 2002, the same day Judge Hearn's assignment commenced. Accordingly, Judge
Hearn's assignment was proper and did not result in the rendition of a judgment during a time when
the trial judge lacked authority to act. See also Davis v. State, 956 S.W.2d 555, 557–59 (Tex. Crim.
App. 1997) (distinguishing trial court's jurisdiction from trial judge's authority).
Lack of Venue And Jurisdiction
            In his eighth and ninth points of error, Mosby contends venue was not proper in Harris
County and the trial court lacked jurisdiction. Mosby contends venue and jurisdiction lie exclusively
in Travis County before the Texas State Board of Medical Examiners. To establish venue at trial,
the State must prove the offense was committed in the county alleged. Skelton v. State, 626 S.W.2d
589, 592 (Tex. App.—Texarkana 1981, no pet.). In the case now before us, the indictment alleged
that Mosby delivered a prescription form for a controlled substance for other than a valid medical
purpose and that this occurred in Harris County, Texas. See Tex. Health & Safety Code Ann.
§ 481.129 (Vernon 2003). The State was not prosecuting Mosby for a violation of the Texas
Medical Practice Act, as Mosby now contends on appeal. Venue thus lies with a Harris County
district court.
            The 351st Judicial District is composed of Harris County, Texas. Tex. Gov't Code Ann. 
§ 24.497 (Vernon 1988). A district court "has the jurisdiction provided by Article V, Section 8, of
the Texas Constitution." Tex. Gov't Code Ann. § 24.007 (Vernon 1988). "District Court
jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and
remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by
[the Texas] Constitution or other law on some other court, tribunal, or administrative body." Tex.
Const. art. V, § 8. District courts in Texas have criminal jurisdiction. Tex. Code Crim. Proc.
Ann. art. 4.01 (Vernon Supp. 2004). Neither the Texas Constitution nor the Texas Legislature, via
statute, has accorded exclusive original jurisdiction over the criminal prosecution of an offense under
Section 481.129 to a county other than the one in which the crime allegedly occurred. Tex. Health
& Safety Code Ann. § 481.129. Nor has the Legislature limited subject matter jurisdiction over
this case to a separate court or tribunal. In this case, once the grand jury returned an indictment
against Mosby that alleged he committed a felony offense in Harris County, Texas, jurisdiction over
the case vested with the district court. We overrule Mosby's eighth and ninth points of error. 
Double Jeopardy and Res Judicata
            In his tenth point of error, Mosby complains double jeopardy bars prosecution of this case. 
Mosby believes criminal prosecution is foreclosed in this case by a finding from the Texas Board
of Medical Examiners that Mosby did not violate the Drug Abuse Prevention and Control Act of
1970. See 21 U.S.C.A. §§ 801–971 (West 1999 & Supp. 2003). The Texas Constitution prohibits
prosecuting a person twice for the same offense after a verdict of not guilty by a court of competent
jurisdiction. Tex. Const. art. I, § 14. A prior action by an administrative body generally does not,
however, preclude the State from bringing charges against an individual in a criminal prosecution. 
Cf. Hudson v. United States, 522 U.S. 93 (1997) (double jeopardy does not bar prosecution for illegal
lending transactions, where individuals had stipulated to sanctions in prior administrative
proceedings involving same transactions); Reynolds v. State, 4 S.W.3d 13, 17 (Tex. Crim. App.
1999) (Department of Public Safety administrative finding of no reasonable suspicion to make traffic
stop does not preclude subsequent criminal prosecution for driving while intoxicated). We overrule
Mosby's tenth point of error.
Failure To Arraign Mosby
            In his eleventh point of error, Mosby asserts the trial court committed reversible error by
failing to arraign him. "In all felony cases, after indictment . . . there shall be an arraignment." Tex.
Code Crim. Proc. Ann. art. 26.01 (Vernon 1989). Arraignment may, however, be waived. 
Richardson v. State, 508 S.W.2d 380, 381 (Tex. Crim. App. 1974). Once the defendant's identity
has been established and he or she has been afforded an opportunity to enter a plea, the purpose of
arraignment has been fulfilled. Id. at 381–82; see also Tex. Code Crim. Proc. Ann. art. 26.02
(Vernon 1989). An accused waives the right to arraignment if that right is not raised for the first
time in a motion for new trial. Richardson, 508 S.W.2d at 381.
            In the case now before us, Mosby's identity was established during numerous pretrial
proceedings not formally labeled "arraignment." The trial court permitted Mosby to enter a plea
during those hearings, thereby fulfilling the purpose of arraignment. Mosby has not directed our
attention to any location in the record now before us where he asserted his right to arraignment
before the trial court. See Tex. R. App. P. 38.1(h). No error has been shown.
Defective Indictment
            In his twelfth and fifteenth points of error, Mosby contends the indictment is defective
because it fails to give adequate notice of the charge against him. Before trial, Mosby moved to
quash the indictment because he claimed the indictment did not adequately inform him of the nature
of the accusation against him. The trial court overruled the motion to quash. 
            An indictment shall be deemed sufficient which charges the commission of
the offense in ordinary and concise language in such a manner as to enable a person
of common understanding to know what is meant, and with that degree of certainty
that will give the defendant notice of the particular offense with which he is charged,
and enable the court, on conviction, to pronounce the proper judgment . . . ." 
 
Tex. Code Crim. Proc. Ann. art. 21.11 (Vernon 1989). Generally, an indictment which tracks the
applicable statute or statutes will satisfy constitutional and statutory requirements. State v. Mays,
967 S.W.2d 404, 406 (Tex. Crim. App. 1998). 
            Under Texas law, a person commits an offense if he or she "knowingly or intentionally
delivers a prescription or prescription form for other than a valid medical purpose in the course of
professional practice." Tex. Health & Safety Code Ann. § 481.129(c)(1). This offense is a third-degree felony if the controlled substance is listed in Schedule III. Tex. Health & Safety Code
Ann. § 481.129(d)(2). A material, compound, mixture, or preparation containing "not more than
300 milligrams of dihydrocodeinone (hydrocodone), or any of its salts, per 100 milliliters or not
more than 15 milligrams per dosage unit, with one or more active, nonnarcotic ingredients in
recognized therapeutic amounts" is a Schedule III drug. Tex. Health & Safety Code Ann.
§ 481.104(a)(4) (Vernon 2003). 
            The indictment against Mosby alleged he, 
on or about August 3, 2001, did then and there unlawfully, intentionally, and
knowingly deliver a prescription for a controlled substance, namely, NOT MORE
THAN 300 MILLIGRAMS OF DIHYDROCODEINONE, OR ANY OF IT'S [sic]
SALTS, PER 100 MILLILITERS OR NOT MORE THAN 15 MILLIGRAMS PER
DOSAGE UNIT, WITH ONE OR MORE ACTIVE NONNARCOTIC
INGREDIENTS IN RECOGNIZED THERAPEUTIC AMOUNTS, to M. VANA, for
other than a valid medical purpose in the course of professional practice. 

After comparing the indictment with the language in the applicable statutes, we find the indictment
tracks the applicable statutory language. 
            Moreover, at the hearing on the motion to quash, the trial court asked, "Dr. Mosby, do you
feel like you have a rational as well as factual understanding of the proceedings against you, the
charges?" Mosby responded affirmatively. Mosby's admission before the trial court that he had a
factual understanding of the charges against him eviscerates his contention on appeal to the contrary. 
We overrule his twelfth and fifteenth points of error.
Evidentiary Sufficiency
            Also in his fifteenth point of error, Mosby contends the evidence is factually and legally
insufficient to support his conviction. Similarly, Mosby challenges the factual sufficiency of the
evidence in his third point of error based on his filing of numerous, unrebutted affidavits which he
contends negate one or more elements of the crime. 
            In a legal sufficiency review, we examine all the record evidence in the light most favorable
to the judgment and determine whether a rational fact-finder could have found each element of the
offense proven beyond a reasonable doubt. Swearingen v. State, 101 S.W.3d 89, 95 (Tex. Crim.
App. 2003). When we review the evidence for factual sufficiency, we must examine all the evidence
in a neutral light, setting aside the verdict only if the evidence supporting the verdict is greatly
outweighed by contrary evidence, or is clearly wrong or manifestly unjust. Clewis v. State, 922
S.W.2d 126, 134 (Tex. Crim. App. 1996).
            In his judicial confession of guilt, Mosby admitted that, on or about August 3, 2001, he 
 
unlawfully, intentionally, and knowingly deliver[ed] a prescription for a controlled
substance, namely, NOT MORE THAN 300 MILLIGRAMS OF
DIHYDROCODEINONE, OR ANY OF IT'S [sic] SALTS, PER 100 MILLILITERS
OR NOT MORE THAN 15 MILLIGRAMS PER DOSAGE UNIT, WITH ONE OR
MORE ACTIVE, NONNARCOTIC INGREDIENTS IN RECOGNIZED
THERAPEUTIC AMOUNTS, to M. Vana, for other than a valid medical purpose in
the course of professional practice.
  
This confession's language adequately tracks both the indictment in this case and the applicable
statutes defining the offense with which Mosby was charged. Thus, there is evidence from which
the trial court could have found each of the essential elements of the crime to be proven beyond a
reasonable doubt. See id. The judicial confession is also not greatly outweighed by contrary
evidence, nor does the evidence show the trial court's judgment was manifestly unjust, especially
considering the trial court approved Mosby's negotiated plea agreement with the State. We overrule
Mosby's second, third, and fifteenth points of error.
Speedy Trial
            In his thirteenth point of error, Mosby contends he was denied his right to a speedy trial. The
Sixth Amendment to the United States Constitution provides that a defendant shall, in all criminal
prosecutions, "enjoy the right to a speedy . . . trial." U.S. Const. amend. VI. The Texas
Constitution also affords this protection to criminal defendants. Tex. Const. art. I, § 10. 
            "In determining whether a criminal defendant has been denied his federal or state
constitutional right to a speedy trial, a court must use a balancing test in which the conduct of both
the State and the defendant are weighed." Shaw v. State, No. 1539-02, 2003 WL 22346384, at *3
(Tex. Crim. App. Oct. 15, 2003). "The factors to be weighed in the balance include, but are not
necessarily limited to, the length of the delay, the reason for the delay, the defendant's assertion of
his speedy trial right, and the prejudice to the defendant resulting from the delay." Id. No single
factor is dispositive in this balancing analysis. Id. Our review must be made "in light of the
arguments, information, and evidence available to the trial court" at the time of trial. Id. 
            We measure the first factor—the length of delay—by measuring the time between the date
of arrest or indictment until the time of trial. Id. at *4. In this case, the grand jury indicted Mosby
in mid-September 2001. Mosby pled guilty to the charge November 5, 2002. Generally, a delay of
more than a year is sufficient to trigger a speedy trial inquiry. Id. In this case, an almost fourteen-month delay in trial was sufficient to trigger a speedy trial inquiry. The first factor, therefore,
balances in favor of Mosby.
            In considering the second factor—the reason for the delay—we must assign different weights
to the varying reasons given to explain the delay. Id. On at least seven occasions between
September 18, 2001 and November 1, 2002, the parties entered agreed continuances. The orders
reflecting the agreed settings do not explain the bases for each rescheduling of the case. The fact,
however, that Mosby agreed to continue the case for trial shows he was, at least in part, responsible
for the delay. Thus, this factor weighs against Mosby.
            The third factor—assertion of the right to a speedy trial—weighs in Mosby's favor. Despite
agreeing to continuing the case during several preceding months, on July 23, 2002, Mosby clearly
expressed his desire to go to trial the following week. The State asked the case be continued from
the trial docket because:
Prosecutor: First of all, about a week ago the Defendant filed a subpoena request
with the process server here that listed approximately 100 witnesses,
everybody from the President of the United States, down to I think
maybe whoever picks up his garbage at his house.
 
                   Now, those have not been served and I think—somebody needs to parse
through his subpoena request possibly and find out which are valid and
which are not and get those things served. That's Problem No. 1.
 
                   Problem No. 2 is the Court has appointed Mr. Hagstette to act as shadow
counsel in the case. Mr. Hagstette has not had an opportunity to go
through this file fully and completely.
 
                   Our concern is—and the purpose of shadow counsel is if a person who
represents himself finds that he's treading deep water and needs some
help, that person can then turn to that attorney who is prepared to step
forward, pick up the defense and move it on.
 
                   And right now, I don't think Mr. Hagstette's had the opportunity to
either—to one, go through everything because we're talking about two
file boxes here, stuff on our side, plus a number of tapes and some other
things. But also the chance to even visit with Dr. Mosby on this matter.
 
                   And I've just got a whole big concern that we'll wind up trying this thing
twice if we kick it off, you know, this Friday because I just—these
problems that are apparent to me. 
 
                   And when a non-attorney represents himself or herself, you know, we're
on our side of the case we have to really think both sides here from a
matter of fairness. I am greatly concerned about all of this and that's
why I'm asking the Court to reschedule this thing for no other reason to
give Mr. Hagstette the opportunity to have some comfort level in the role
in this case.
 
The trial court then continued the case until October to allow "Mr. Hagstette to have time to get
ready to play his part as stand-by counsel in case at some point in the trial you [Dr. Mosby] change
your mind." 
            The need for competent, prepared standby counsel—one who is fully abreast of the case and
the issues presented, and who would be able to step in at any point during the trial—cannot be
understated. Standby counsel is essential to the fair administration of justice should the need arise
for the attorney to take control of defending the accused. On July 1, 2002, the trial court appointed
Eric Hagstette as standby counsel. The case was scheduled for trial Friday, July 25, 2002; the State
requested the continuance July 23, 2002, for the purpose of giving standby counsel more time to
prepare. We believe the trial court had good cause to grant the continuance, given the arguments of
counsel and the voluminous record to be reviewed by standby counsel. Accordingly, this factor
weighs against finding a violation of Mosby's right to a speedy trial.
            "When a court assesses the final factor, prejudice to the defendant, it must do so in light of
the interests which the speedy trial right was intended to protect: (1) to prevent oppressive pretrial
incarceration; (2) to minimize the defendant's anxiety and concern; and (3) to limit the possibility
that the defendant's defense will be impaired." Id. at *5. The Texas Court of Criminal Appeals has
identified the third limitation as the most serious, "'because the inability of a defendant adequately
to prepare his case skews the fairness of the entire system.'" Id. (quoting Barker v. Wingo, 407 U.S.
514, 532 (1972)). "On the other hand, this presumption of prejudice to the defendant's ability to
defend himself is 'extenuated . . . by the defendant's acquiescence' in the delay.'" Id. (quoting
Doggett v. United States, 505 U.S. at 658.
            Here, Mosby was incarcerated during much of the time he awaited trial. With respect to the
second interest, Mosby offered no evidence the delay had caused him any anxiety or concern beyond
the level normally associated with a felony charge. Finally, we must presume the lengthy delay in
getting the case to trial did not adversely affect Mosby's ability to present a defense for two reasons: 
First, he acquiesced to much of the delay. Cf. id. Second, at the next trial setting following his
asserting the speedy trial right, Mosby pled guilty and was sentenced pursuant to a negotiated plea
agreement.
            After balancing the factors both for and against finding a violation of the right to a speedy
trial, we hold the four factors, balanced together, weigh against finding a violation of Mosby's right
to a speedy trial. We therefore overrule Mosby's thirteenth point of error.
Ineffective Assistance of Counsel
            In his fourteenth point of error, Mosby contends he received ineffective assistance of counsel
at trial. Mosby represented himself at trial. "[A] defendant who chooses to forgo the assistance of
counsel and represent himself at his trial also necessarily waives his right to complain on appeal that
he was rendered ineffective assistance." Robinson v. State, 16 S.W.3d 808, 813 n.6 (Tex. Crim. App.
2000). We overrule this point of error.
 
Conspiracy
            In his final point of error, Mosby contends law enforcement officers conspired with members
of the Texas State Board of Medical Examiners to have Mosby fraudulently convicted. Mosby has
inadequately briefed this point. Tex. R. App. P. 38.1(h) requires a brief to "contain a clear and
concise argument for the contentions made, with appropriate citations to authorities and to the
record." Mosby's brief on this point is wholly inadequate in its citation to the record and fails to
provide a clear and concise argument concerning how the facts of his case relate to the requirements
of a claim for fraud. By failing to properly brief this issue, Mosby has waived this point of error. 
Cf. McCarthy v. State, 65 S.W.3d 47, 49 n.2 (Tex. Crim. App. 2001) (appellant failed to explain how
factual record supported point of appeal; point of error waived for failing to adequately brief issue).
            Furthermore, the record in this case shows Mosby pled guilty to the charged offense and his
plea was entered willingly, knowingly, and voluntarily. As such, even if we were to find Mosby had
adequately presented this issue for review, the record does not support his claim that his conviction
was a product of anything other than his voluntary guilty plea.
 
 
 
 
 
Conclusion
            For the reasons set forth above, we affirm the trial court's judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          January 28, 2004
Date Decided:             January 29, 2004

Do Not Publish