

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00097-CR

ISRAEL BRICE DEERE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27881

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

A Lamar County jury convicted Israel Brice Deere of indecency with a child, A.H., by sexual contact and sentenced him to twenty years' imprisonment. *See* TEX. PENAL CODE ANN. § 21.11. On appeal, Deere argues that the evidence is legally insufficient to support his conviction and that the trial court erred by reading the transcript of witness testimony in response to a jury note that did not adequately specify the disagreement about the testimony, by admitting hearsay, and by creating a false impression that Deere was charged with an additional offense.[1]

We affirm the judgment of the trial court because (1) legally sufficient evidence supports Deere's conviction, (2) the trial court did not abuse its discretion in concluding there was jury disagreement, (3) Deere was unharmed by admission of hearsay, and (4) Deere's last point of error is unsupported by the record and unpreserved.

*(1)     Legally Sufficient Evidence Supports Deere's Conviction*

Deere argues that the evidence is legally insufficient to support the jury's verdict of guilt. We disagree.

In evaluating legal sufficiency of the evidence, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We examine

---

[1]In companion cause numbered 06-19-00098-CR, Deere also appeals his convictions for aggravated sexual assault of H.W., a child, and indecency with A.S., a child, by sexual contact.

legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

Here, the State alleged that Deere, with the intent to arouse or gratify his sexual desire, engaged in sexual contact with A.H., a child younger than seventeen, by touching her female sexual organ with his hand. The term "sexual contact" means "any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child" if committed with the intent to arouse or gratify the sexual desire of any person. TEX. PENAL CODE ANN. § 21.11(c)(1). On appeal, Deere questions only whether the evidence was legally sufficient to show that he "actually made physical contact with A.H."

At trial, A.H. testified that Deere came into her bedroom at night and "tried to put [his hand] on [her] pull-up." When asked if he "actually" placed his hand inside of her pull-up, A.H.

3

said, "He kept trying and trying and then I kept turning over and then he did it." The State then elicited the following:

> Q.     Okay. Do you remember telling the lady at the big white house that he kind of did touch it the first time and that's why you scooted over?
>
> A.     Yes, ma'am.
>
> Q.     What did he kind of touch it with, what was that?
>
> A.     His hand.
>
> Q.     Okay. What part on you?
>
> A.     Where you pee.
>
>     . . . .
>
> Q.     And how did it make you feel when he did that?
>
> A.     I was scared . . . and I didn't know what he was trying to do.
>
>     . . . .
>
> Q.     Did you feel his fingers—his hand on you where you pee?
>
> A.     Sort of.

During cross-examination, when Deere asked, "You said he tried. Did he actually touch you where you pee," A.H. responded, "The first time. Then I turned over and he kept trying and trying until he just stopped." A.H. clarified that Deere's fingers were in her pull-up.

After A.H. reported the incident to her mother, she was examined by Kim Basinger, a sexual assault nurse examiner (SANE). Basinger testified that A.H. said, "Deere touch[ed] where

4

I pee. I was uncomfortable. I turned over and he tried to do it again, touch me where I pee."[2] Chris Bean, a detective with the Paris Police Department, interviewed Deere about A.H.'s allegation. Bean testified, and the recording of Deere's interview admitted into evidence showed, that Deere admitted that he was lying with A.H. on her bed and his hand touched her genital area on top of her clothing. According to Bean, Deere said he was sleepy because he had taken Xanax and "didn't quite remember what had happened." Yet, Deere admitted on the recording that he realized his hand was on A.H.'s genital area and knew it was not supposed to be there.

"The testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault or indecency with a child." *Scott v. State*, 202 S.W.3d 405, 408 (Tex. App.—Texarkana 2006, pet. ref'd). Here, testimony from A.H. and the SANE showed that Deere placed his fingers in A.H.'s pull-up and touched her "where [she] pee[d]" "[t]he first time." In addition, Bean testified, and Deere's recorded interview confirmed, that Deere touched A.H.'s genital area outside her clothing.[3] Viewing the evidence in the light most favorable to the jury's verdict, we conclude the evidence is legally sufficient to support the finding that Deere touched A.H.'s female sexual organ with his hand. Accordingly, we overrule this point of error.

*(2)    The Trial Court Did Not Abuse Its Discretion in Concluding There Was Jury Disagreement*

In the second count of companion cause numbered 06-19-00098-CR, Deere was charged with "touching the female organ of [A.S.]." Deere argues that the trial court erred in concluding

---

[2]The jury was instructed on the lesser-included offense of attempted indecency with a child but found Deere guilty of the primary offense.

[3]Deere does not contest the evidence, including testimony from prior victims, showing that the act was done with intent to gratify his sexual desire.

there was disagreement among the jury about A.S.'s testimony regarding the touching. As a result of its finding, the trial court read portions of A.S.'s testimony under Article 36.28 of the Texas Code of Criminal Procedure:

> In the trial of a criminal case in a court of record, if the jury disagrees as to the statement of any witness they may, on applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other.

TEX. CODE CRIM. PROC. ANN. art. 36.28. "This statute seeks to balance our concern that the trial court not comment on the evidence with the need to provide the jury with the means to resolve any factual disputes it may have." *Howell v. State*, 175 S.W.3d 786, 790 (Tex. Crim. App. 2005).

"A simple request for testimony does not, by itself, reflect disagreement, implicit or express, and is not a proper request under Art. 36.28." *Id.* "Instead, the request must reflect that the jurors disagree about a specified part of testimony." *Id.* "The trial judge's conclusion as to whether there is a factual dispute between the jurors is reviewed for an abuse of discretion." *Id.* "A trial judge abuses his discretion when his decision is so clearly wrong as to lie outside the zone within which reasonable persons might disagree." *Id.*

During deliberation, the jury sent a note requesting to see the transcript of A.S.'s testimony. Without objection, the court responded, "As instructed in . . . the charge you must identify a particular dispute regarding testimony. Once the testimony is located you will be brought into court where the testimony will be read back to you." The jury's second note stated, "We are not clear on the details involving the incident involving [A.S.]." Deere and the State agreed to the following response from the trial court: "The reference to, quote, unquote, details is not specific enough for the Court to identify a particular portion of testimony to read back to you. It is

6

necessary that you specify which particular part of the witness' testimony is actually in dispute." The jury's third note read, "The jury would like to know from [A.S.]'s testimony, how the Defendant allegedly touched her." After the trial court proposed the portions of A.S.'s testimony it planned to read to the jury in response to the note, Deere objected on the ground that he did not believe the jury had "identified a dispute in the testimony specifically enough." The trial court responded, "[T]here's a dispute as to how he allegedly touched her."

When read in context with the first two jury notes, we conclude that the trial court did not abuse its discretion in finding that jury disagreement under Article 36.28 justified re-reading the portion of A.S.'s testimony specifying how Deere touched her. After the trial court instructed the jury that it had to identify a particular dispute about the testimony, the jury responded by indicating confusion about the details of the incident between A.S. and Deere. In response to the trial court's instruction that it had to specify which part of A.S.'s testimony was disputed, the jury revealed the dispute was about "how the Defendant allegedly touched her." Because the trial court's conclusion that there was jury disagreement was not so clearly wrong as to lie outside the zone of reasonable disagreement, we overrule this point of error.

*(3)    Deere Was Unharmed by the Admission of Hearsay*

Deere objected to the admission of a SANE report on the ground that it contained hearsay statements from the child victim. The trial court concluded that the statements were admissible

7

because they were statements for purposes of medical diagnosis or treatment under Rule 803(4) of the Texas Rules of Evidence. Deere argues this ruling was erroneous.[4]

Hearsay is "a statement that . . . the declarant does not make while testifying at the current trial or hearing" that "a party offers in evidence to prove the truth of the matter asserted in the statement." TEX. R. EVID. 801(d). It is undisputed that the SANE report included hearsay, but the parties disagree as to whether it was admissible. Under Rule 803(4), hearsay is admissible if it is "[a] statement that: (A) is made for—and is reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause." TEX. R. EVID. 803(4).

"A proponent of a statement made for the purpose of medical diagnosis or treatment has the burden to show that the 'declarant was aware that the statements were made for that purpose and that "proper diagnosis or treatment depends on the veracity of such statements."'" *Fahrni v. State*, 473 S.W.3d 486, 497 (Tex. App.—Texarkana 2015, pet. ref'd) (quoting *Taylor v. State*, 268 S.W.3d 571, 589 (Tex. Crim. App. 2008) (quoting *Jones v. State*, 92 S.W.3d 619, 623 (Tex. App.—Austin 2002, no pet.))). "In addition, the proponent must show that the particular statement is 'pertinent to . . . diagnosis or treatment.'" *Id.* (quoting TEX. R. EVID. 803(4)(A)). Here, Deere questions only whether the statements were pertinent to diagnosis or treatment. In particular, he argues the statements, "I ran to the living room laid on the couch," "I was crying until I went to

---

[4]"A trial judge's decision on the admissibility of evidence is reviewed under an abuse of discretion standard and will not be reversed if it is within the zone of reasonable disagreement." *Franklin v. State*, 459 S.W.3d 670, 675 (Tex. App.—Texarkana 2015, pet. ref'd) (quoting *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011)).

sleep," and "I was afraid of what he would do to me if I told" failed to qualify under Rule 803(4)(A).

Yet, these same statements were admitted without objection during the SANE's testimony. It is well settled that "a party must object each time the inadmissible evidence is offered or obtain a running objection. An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection." *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (quoting *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003)); *see Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998). Because the substance of the testimony Deere argues should have been excluded was admitted without objection elsewhere, "no reversible error is presented." *Lane*, 151 S.W.3d at 193. We overrule this point of error.

*(4)    Deere's Last Point of Error Is Unsupported by the Record and Unpreserved*

Deere consolidated the offense in this case with two other offenses charged in the State's indictment in cause number 06-19-00098-CR. The record shows that Deere was arraigned in front of the jury and entered pleas of not guilty to each of the three counts consolidated for trial. According to Deere, the trial court re-read one of the counts and allegedly created a false impression that Deere was charged with an additional offense.

It is the "appellant's burden to bring forward a record on appeal sufficient to show that the trial court erred." *Amador v. State*, 221 S.W.3d 666, 675 (Tex. Crim. App. 2007); *see* TEX. R. APP. P. 34.6; *Rowell v. State*, 66 S.W.3d 279, 282–83 (Tex. Crim. App. 2001). The reporter's record filed with this Court shows that the trial court correctly arraigned Deere on the three counts

9

consolidated for trial and did not re-read any of those counts. Accordingly, Deere's point of error is not supported by the record.

In any event, Deere admits that he did not object to any alleged re-reading of the indictment. To preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2).[5] Thus, even assuming the trial court re-read one of the counts of the indictment, Deere failed to preserve this point of error for our review.

We overrule this point of error because it is unsupported by the record and unpreserved.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted: November 18, 2019
Date Decided: November 27, 2019

Do Not Publish

---

[5]We reject Deere's invitation to apply the fundamental error doctrine to excuse his failure to preserve the alleged error during the arraignment. "Fundamental errors are trial errors which implicate non-forfeitable rights." *Morrison v. State*, 575 S.W.3d 1, 22 (Tex. App.—Texarkana 2019, no pet.). "The purpose of arraignment is [simply] to determine the identity and the plea of the person charged." *Richardson v. State*, 508 S.W.2d 380, 381 (Tex. Crim. App. 1974). "Because arraignment is not a part of trial by jury, it may be waived." *Id*.; *see Wood v. State*, 515 S.W.2d 300, 303 (Tex. Crim. App. 1974); *Linton v. State*, 15 S.W.3d 615, 620 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

10